# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JACLYN KALLIE, MELISSA MORAN, STEVEN CLOPE, ANTHONY BOSE, ROBERT MASTRONARDI, MR. ECKBLAD, and JOHN DOES,<br><br>　　　　　　　Defendants. | Case No. 17-CV-1756-JPS<br><br>**ORDER** |

　　　　Plaintiff Raymond J. Bergeron Davila, who is incarcerated at Waupun Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee in his case. (Docket #6). The Court proceeds to screen the complaint.

　　　　The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on November 21, 2017, he was incarcerated at the Racine County Jail. (Docket #1 at 1). He was placed into a restraint chair due to his threats of engaging in self-harming conduct. *Id.* He then began to "bite himself drawing blood." *Id.* Plaintiff states that Defendants Melissa Moran, Steven Clope, Mr. Eckblad, Robert Mastronardi, and two John Doe correctional officers observed this behavior during the first shift on November 21, but did not physically intervene to stop Plaintiff from biting himself. *Id.* at 2. Plaintiff further alleges that Defendants Anthony Bose and seven other John Doe correctional officers did the same as Plaintiff's biting continued into the second shift. *Id.* at 2-3. Also during this time, a John Doe

member of the Jail's mental health treatment staff refused to treat Plaintiff. *Id.* at 4.

Plaintiff may proceed against the above-named Defendants for their deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Claims for deliberate indifferent to an inmate's suicide risk are legion in federal courts, and so extensive case law has developed to interpret them. The basic formulation of the claim involves an objective and a subjective component. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). First, Plaintiff must show that the harm (or potential harm) was objectively, sufficiently serious and a substantial risk to his health. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "It goes without saying that 'suicide is a serious harm.'" *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). While it is not clear that Plaintiff's biting could have actually led to his death, it was nevertheless a serious self-harming action.[1]

Second, Plaintiff must establish that Defendants displayed deliberate indifference to his risk of suicide. *Collins*, 462 F.3d at 761; *Sanville*, 266 F.3d at 733. This, in turn, requires a dual showing that Defendants (1) subjectively knew that Plaintiff was at substantial risk of committing suicide and (2) were deliberately indifferent to that risk. *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003). Plaintiff's allegations, viewed

---

[1]In a prior case concerning nearly identical allegations, it was suggested that Plaintiff's biting activity consisting of biting the inside of his mouth and spitting blood around his cell. *See Raymond J. Bergeron Davila v. Barbara A. Teeling*, 17-CV-337-JPS (E.D. Wis.), (Docket #102 at 2). As the Court observed in that case, this does not sound life-threatening, but the Court leaves it to Defendants to make that argument if appropriate. At screening, the Court is bound to construe Plaintiff's allegations in his favor.

generously, can support each showing. Plaintiff alleges that each defendant knew he was biting himself severely, and that they did nothing to stop it.

The remainder of Plaintiff's allegations are directed at Defendant Jaclyn Kallie. (Docket #1 at 4-7). Kallie is an attorney, and she and her firm of Bascom, Budish & Ceman, S.C., have served as defense counsel for the Jail and its staff in other civil actions brought against them by Plaintiff. *See, e.g., Raymond J. Bergeron Davila v. Barbara A. Teeling*, 17-CV-337-JPS (E.D. Wis.). Plaintiff alleges that while litigating his other cases, he informed Kallie that he would engage in self-harming behavior on November 21, and that she failed to inform Jail staff about the threat. (Docket #1 at 5-6). He maintains that like the Jail staff, she too was deliberately indifferent to his risk of suicide. *Id.* at 6-7.

Plaintiff may not proceed on a claim against Kallie for numerous reasons, but only two need be mentioned. First, Kallie is a private attorney, not a state actor, and is thus not amenable to suit under Section 1983. *Hansen v. Ahlgrimm*, 520 F.3d 768, 770 (7th Cir. 1975). Second, even assuming this were not the case, there is no indication that Kallie had any role in Plaintiff's healthcare at the Jail. Defendants alone had legal custody of Plaintiff and could direct his care in accordance with his medical needs and their correctional prerogatives. Indeed, it is likely that only Defendants' superiors within the Racine County Sheriff's Office (or the county government) could order them to do anything with respect to Plaintiff's care. Simply complaining to Kallie does not serve to rope her into an alleged

constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).[2]

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Deliberate indifference to Plaintiff's serious medical needs, namely his risk of suicide, on November 21, 2017, in violation of the Eighth Amendment, against Defendants Melissa Moran, Steven Clope, Anthony Bose, Robert Mastronardi, Mr. Eckblad, and John Does 1 – 10.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Jaclyn Kallie be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are

---

[2] Plaintiff also mentions a concern about preserving video evidence in relation to his allegations against Kallie. (Docket #1 at 4-5). Evidence preservation, or the lack thereof, is not a stand-alone constitutional claim. Thus, these allegations provide no basis for maintaining Kallie as a defendant in the case.

indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge