# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>               Plaintiff,<br><br>v.<br><br>MELISSA MORAN, STEVEN CLOPE, ANTHONY BOSE, ROBERT MASTRONARDI, DANIEL ECKBLAD, and JOHN DOES,<br><br>               Defendants. | Case No. 17-CV-1756-JPS<br><br>**ORDER** |

       The Court will address Plaintiff's pending motions. The first motion, filed on May 16, 2018, seeks an injunction against Defendants. (Docket #20). Recall that Plaintiff's claim in this case is that Defendants failed to intervene to stop him from biting the inside of his mouth, which he characterizes as a suicidal act. (Docket #7 at 4–5). Plaintiff says that he returns to the Racine County Jail regularly and may bite himself again while there. He believes that Defendants should be compelled to intervene more directly to stop this behavior if it occurs. (Docket #20). Plaintiff wants the Court to order Defendants to either give him a protective helmet or hold his head still. *Id.* "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'" *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Id.* (quoting *Winter*, 555 U.S. at 24).

Plaintiff filed a similar motion in a prior case which presented a similar claim. *Raymond J. Bergeron Davila v. Barbara A. Teeling et al.*, Case No. 17-CV-337-JPS (E.D. Wis.), (Docket #102). The Court must deny Plaintiff's instant request for an injunction for the same reasons it denied the previous one. This Court is not an expert in mental health treatment or corrections. It will not order Defendants to take, or refrain from taking, certain actions in response to Plaintiff's future behavior, the particulars of which are not yet known. Further, despite Plaintiff's belief otherwise, biting the inside of one's mouth does not seem to be a life-threatening behavior. Using the helmet or forcibly holding Plaintiff's jaw apart to prevent biting might raise more constitutional issues than they abate. Finally, Plaintiff cites no precedent for an injunction of this nature. In the absence of analogous precedent, the Court finds that Plaintiff is not entitled to this extraordinary remedy.[1]

Plaintiff's second motion, filed on July 20, 2018, asks the Court to sanction Defendants for spoliation of evidence. (Docket #25). Plaintiff claims that footage of the self-harming incident underlying this action was deliberately destroyed by Defendants after they had received notice from

---

[1] Plaintiff's motion for an injunction indicates that he intends to appeal the denial of the motion immediately. (Docket #20 at 6–7). As the Court has informed this Plaintiff repeatedly, denial of a non-final order is not appealable. Denying a motion for an injunction is not a final order. An attempted appeal of such an order is procedurally improper and thus fails to divest the Court of jurisdiction and authority to dispose of the case. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013); *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504–05 (7th Cir. 2006); *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558-59 (7th Cir. 1986). The Court notes that whether or not Plaintiff attempts to appeal the instant order, the schedule and deadlines previously set in this matter will remain in effect, and this action will be dismissed if he does not comply with them.

him to preserve the footage. *Id.* Plaintiff requests that the Court enter default judgment against Defendants, require them to pay Plaintiff $32,500, and permit him to argue spoliation to the jury. *Id.*

Assessing whether spoliation has occurred requires a two-step analysis. First, a finding of spoliation lies "only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Second, once a party is under a duty to preserve evidence, they may only be subject to spoliation sanctions when they intentionally destroy that evidence in bad faith. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013). Bad-faith destruction occurs when a party destroys evidence "for the purpose of hiding adverse information." *Id.* at 1019 (quotation omitted); *See Park v. City of Chi.*, 297 F.3d 606, 615 (7th Cir. 2002) ("[T]he crucial element is not that evidence was destroyed but rather the reason for the destruction."). Plaintiff, as the movant, bears the burden of establishing both required elements. *Bracey*, 712 F.3d at 1019.

Plaintiff has not carried his burden as to either element. Plaintiff asserts that he sent a letter to Defendants' attorney on December 7, 2017, which stated that he intended to sue and demanded that Defendants preserve all relevant camera footage. *See Raymond J. Bergeron Davila v. Barbara A. Teeling et al.*, Case No. 17-CV-337-JPS (E.D. Wis.), (Docket #77-16 at 1-2). The problem with the letter is that it was sent to Defendants' attorney, not Defendants themselves or Racine County's corporation counsel. Defendants deny having received any correspondence about an imminent lawsuit or the need to preserve footage. (Docket #27). Plaintiff provides no support for the proposition that an evidence preservation letter

to a private law firm can serve as adequate notice for the purposes of spoliation sanctions.

Plaintiff has also failed to show that the video in question was destroyed in bad faith. Plaintiff's only "evidence" of bad faith stems from a single inference. The self-harming incident was recorded by a number of wall-mounted security cameras as well as body cameras. Defendants produced all of this footage to Plaintiff. When they attempted to retrieve the camcorder footage, they found that it had inadvertently not been downloaded, and was thus lost forever. (Docket #25-1 at 2). Plaintiff contends that the preservation of some but not all of the footage demonstrates bad faith.

The Court disagrees. Inadvertent destruction is not a proper basis for spoliation sanctions. It was Plaintiff's burden to prove bad faith, and he has at best raised an exceedingly weak inference of it. Moreover, Defendants have supplied Plaintiff with hours of footage from different angles covering the entire incident. The only loss occasioned by the failure to preserve the camcorder footage was a small portion of audio. (Docket #26 at 3–5). It is not believable that Defendants would destroy the camcorder footage "for the purpose of hiding adverse information," *Bracey*, 712 F.3d at 1019, while simultaneously producing such a wealth of equivalent evidence to Plaintiff.

Plaintiff filed what appears to be a reply brief on August 28, 2018. (Docket #30). The reply is untimely per this District's Local Rules. Civ. L. R. 7(c). Thus, the Court could simply ignore the brief. In any event, the arguments therein do not change the Court's conclusion. Plaintiff says that he did send an evidence preservation letter to the Jail itself, but that Defendants are refusing to produce it to him in discovery. (Docket #30 at 6). Plaintiff has the burdens of proof reversed; he filed the motion for

spoliation sanctions, and so it is his duty to produce the necessary evidence. He cannot shift his burden to Defendants. Plaintiff further states that Defendants must have pressed "a delete button" to erase the camcorder footage. *Id.* at 4. He provides no foundation for his supposed knowledge of how the camcorder works. Finally, Plaintiff suggests that Defendants are lying about how much the camcorder was used during the incident. *Id.* at 2–3. Again, no basis for this assertion is provided. Additionally, the Court has already determined that the production of the security and body camera footage demonstrates a lack of bad faith on Defendants' part.

In sum, Plaintiff's motions for an injunction, (Docket #20), and for spoliation sanctions, (Docket #25), must be denied.

Plaintiff's August 28 filing makes two additional requests. One is for a hearing on the spoliation motion, and the other is for appointment of counsel. No hearing is necessary for the Court to rule on the spoliation motion, and so that request will be denied. Plaintiff ties his request for appointed counsel to the other pending motions. Similarly, no counsel is necessary for the Court to determine that the motions are meritless. With those motions denied, it is not clear whether Plaintiff also desires counsel generally for the continued litigation of this matter. If he does, he should submit a separate motion for appointment of counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket #20) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for spoliation sanctions (Docket #25) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for a hearing and for appointment of counsel (Docket #30) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge