# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

           Plaintiff,

v.

MELISSA MORAN, STEVEN CLOPE,
ANTHONY BOSE, ROBERT
MASTRONARDI, DANIEL
ECKBLAD, and JOHN DOES,

           Defendants.

Case No. 17-CV-1756-JPS

**ORDER**

       The Court will herein address various motions pending in this matter. On September 13, 2018, Plaintiff filed a motion for appointment of counsel. (Docket #40). He states that he desires appointed counsel to help him review DVD footage of the biting incident that underlies this case. He also mentions a desire for expert testimony, though he does not explain what that testimony would entail.

       As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether

to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326.

As to the first *Pruitt* element, the Court assumes without deciding that Plaintiff made reasonable efforts to secure counsel. He describes his efforts in detail, but the Court questions whether he sought counsel from lawyers who actually practice in plaintiff's-side civil rights litigation. Simply sending a letter to any lawyer whose address may be found, regardless of who they work for and what their practice entails, would not satisfy the obligation to make reasonable efforts to secure counsel.

As to the second *Pruitt* element, neither of Plaintiff's arguments warrant appointment of counsel at this time. As to the footage issue, Plaintiff was of course present during the incident and so does not need video footage to know what happened. Further, the evidence he presents indicates that he might be able to view the footage if it was in the proper format. (Docket #41-1 at 1). Plaintiff does not explain what, if any, efforts he made to obtain the footage in a useable format. Plaintiff must demonstrate that he has put forth every effort to remedy his issues on his own before the Court will consider appointing counsel. As to the expert issue, Plaintiff does not describe what he wants an expert to opine upon or, as before, whether he has made any efforts to find an expert on his own. The Court will not appoint counsel simply to fund Plaintiff's litigation efforts. Finally, both issues are premature. Plaintiff relates both issues to summary judgment submissions, but the briefing on Defendant's summary judgment motion is not complete. It is therefore too early to determine whether the problems Plaintiff presents will actually matter to the Court's decision on that motion.

Also on September 13, Defendants filed a motion to compel discovery responses. (Docket #42). Defendants indicate that they served a

small set of discovery requests on Plaintiff on July 18, 2018, but despite their repeated efforts to obtain responses, he has never provided any. Plaintiff responds that the motion should be denied for various reasons. Plaintiff makes no attempt, however, to explain himself as to the most fundamental aspect of Defendants' motion: his complete failure to respond to the requests in the manner provided by the applicable procedural rules. Plaintiff cannot flaunt his responsibility to respond under those rules and simply raise his objections or other concerns in response to a motion to compel. The Court finds that Plaintiff has thus waived any objections to the requests. Defendants' motion to compel will be granted, and Plaintiff must respond to Defendants' July 18, 2018 discovery requests without objection within **fourteen (14) days**. If he does not, this case will be dismissed with prejudice as a sanction. While this may seem harsh, context is critical. Plaintiff is an extremely experienced litigator and is intimately familiar with the discovery process. His response to the motion is pure gamesmanship and his conduct in discovery is an insult to the Court and Defendants.

Finally, on September 20, 2018, Plaintiff filed a motion for leave to proceed on an appeal *in forma pauperis*. (Docket #46). Eight days prior, he had filed a notice of appeal of the Court's denial of various motions. (Docket #33). Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case

when a reasonable person could suppose the issue to have some legal merit. *Id.*

In the motions for which he seeks review, Plaintiff hinted that he would attempt an interlocutory appeal if they were denied. In denying the motions, the Court explained to Plaintiff that none presented final, appealable issues. (Docket #31 at 2 n.1). Thus, Plaintiff's putative appeal would be procedurally improper. *Id.* Plaintiff nevertheless chose to file the notice of appeal. Having already warned Plaintiff that his attempted appeal was meritless, the Court must conclude that the appeal is not taken in good faith. Plaintiff's motion to proceed *in forma pauperis* on his appeal will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Docket #40) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed on his appeal *in forma pauperis* (Docket #46) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604;

**IT IS FURTHER ORDERED** that Defendants' motion to compel (Docket #42) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendants' July 18, 2018 discovery requests within **fourteen (14) days** from the date of this Order. If he does not, this action will be dismissed with prejudice as a sanction.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge